THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:05CR537 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LOWESTCO BALLARD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on the following motions by Defendant Lowestco Ballard: (1) Motion to Examine Exculpatory and Mitigatory Material (Doc. #92); (2) Motion for Notice of Intent to Use Evidence (Doc. #93); (3) Motion to Reveal All Deals with Cooperating Witnesses (Doc. #95); (4) Motion for Production of Videotape, Audiotape and Transcript (Doc. #104); (5) Motion for Production of Richland County Drug Task Force Manual and Policy on Eyewitness Evidence (Doc. #169); (6) Motion for Witness List (Doc. #195); (7) Motion to Interview Prospective Government Witnesses (Doc. #196); (8) Motion for Hearing to Determine the Admissibility of Co-conspirators Statements (Doc. #197); (9) Motion to Permit Some Attorney Conducted Voir Dire (Doc. #421); and (10) Motion to Submit Jury Questionnaire (Doc. #422). The Court will discuss each below:

A. Motion to Examine Exculpatory and Mitigatory Material (Doc. #92)

In his Motion, Defendant seeks the following:

(1) The criminal histories of *all* POTENTIAL witnesses;

(2) Copies of any inconsistent statements or summaries of statements by any POTENTIAL witness(es);

      (3) Notice of any direct or indirect promises of benefit or leniency, if any made to any POTENTIAL witness(es);

      (4) Any information, if any, related to the length and extent of any POTENTIAL witness(es) addition to alcohol/drugs;

(Doc. # 92, p. 1)

Defendant's Motion is a thinly veiled attempt to obtain that which he is not yet entitled - the disclosure of the identity of the Government's witnesses and informants. Rule 16(a)(2) of the Federal Rules of Criminal Procedure excludes from pretrial discovery:  statements made by government witnesses or potential Government witnesses, except as provided under the Jenks Act, 18 U.S.C. § 3500, *et seq.*  The Sixth Circuit has also ruled that Defendant is not entitled to pretrial disclosure of government witnesses or their criminal records.  *United States v. Carter,* 621 F.2d 238 (6th Cir. 1980).  For those reasons, Defendant's Motion is DENIED.

B.  Motion for Notice of Intent to Use Evidence (Doc. #93)

In this motion, Defendant is requesting that the Government be required to provide notice of its intent to use evidence in its case in chief.  The Government has responded to the request and indicated that it will use audiotapes, videotapes, and controlled substances obtained during the investigation.  Based on this, Defendant's Motion is DENIED as MOOT.

C.  Motion to Reveal All Deals with Cooperating Witnesses (Doc. #95)

In this motion, Defendant is requesting that the Government be required to provide the names of all cooperating witnesses and any deals that have been made with them regarding their testimony.   It is determined that Defendant's motion is well-taken

and therefore GRANTED. The Government shall reveal any agreement between itself and its witnesses prior to their testifying before this Court.

D. Motion for Production of Videotape, Audiotape and Transcript (Doc. #104)

In its response to this motion, the Government indicates that it has substantially complied with Defendant's request. Accordingly, Defendant's motion is DENIED as MOOT.

E. Motion for Production of Richland County Drug Task Force Manual and Policy on Eyewitness Evidence (Doc. #169)

The Government avers that there is no agency known as the "Richland County Drug Task Force" nor was such agency involved in the investigation giving rise to this case. Accordingly, subject to evidence of such agencies involvement in this case, Defendant's motion is DENIED.

F. Motion for Witness List (Doc. #195)

The Court notes that Defendant is not entitled to know in advance of trial who will testify for the Government. *See United States v. McCullah,* 745 F.2d 350, 353 (6th Cir. 1984). Therefore, Defendant's Motion is DENIED.

G. Motion to Interview Prospective Government Witnesses (Doc. #196)

As a general rule, a witness belongs neither to the government nor to the defense. Both sides have a right to interview witnesses before trial. No provision for disclosing the names and addresses of government witnesses is included in Federal Rule of Criminal Procedure 16. Additionally, the Government has no duty to present its witnesses for interviews. Its duty is simply not to deny access. *United States v. Pepe*, 747 F.2d 632 (11th Cir. 1984). Therefore, Defendant's motion is DENIED.

H.  Motion for Hearing to Determine the Admissibility of Co-conspirators Statements (Doc. #197)

Defendant requests a pretrial hearing to determine the admissibility of co-conspirator statements.  However, Defendant is not entitled to such.  The Court is aware of its obligation under Evid. Rule 801(d)(2) to make findings and determine the admissibility of any such statements.  The Court will control the order of proof and make its findings during the trial.  Each party will have an opportunity to be heard.  Therefore, Defendant's Motion is DENIED.

I.  Motion to Permit Some Attorney Conducted Voir Dire (Doc. #421)

Although this Court will conduct most of the voir dire in this case, Defendant's motion is GRANTED subject to this Court's discretion.

J. Motion to Submit Jury Questionnaire (Doc. #422)

As stated above, this Court will conduct most of the voir dire in this case, including a written questionnaire to be filled out by the jury the morning of trial.  However, the Court will GRANT IN PART the motion and consider for inclusion in the written questionnaire, those questions submitted by Defendant.

So ordered.

_____s/ Judge John R. Adams_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT